(74 App. Div. 298.)

POMEROY v. HINCKS et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. WILLS—CONSTRUCTION—TRUSTS.

> The first clause of a will bequeathed to testator's widow an annual income of $10,000 in gold or its equivalent, and set aside a sum sufficient to produce such income. The second clause gave $200,000 in trust for the use of his daughter, with directions to pay her the income during life, and providing that if she die without issue this trust should revert to his wife absolutely; otherwise the trust was to continue for the daughter's heirs. The third clause gave to the wife "all the residue of my estate absolutely," and also provided that if the daughter survive she should have the sum set aside in the first clause. Held, that on the death of the daughter without issue in the wife's lifetime the remainder in the sum set aside in the first clause vested in the widow by virtue of the general residuary clause.

Appeal from special term, New York county.

Action by Henry K. Pomeroy, as trustee under a will, against Joseph A. Hincks, Annie H. Owen, and others. From the judgment, Annie H. Owen and others appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

George Whitefield Betts, Jr., for appellants.
George F. Canfield and John K. Berry, for respondents.

INGRAHAM, J. One Warren Newcomb died on the 28th day of August, 1866, leaving a last will and testament, the construction of which is the object of this action. By the first clause of the will the testator gives and bequeaths to "my beloved wife, Josephine Louisa Newcomb, an annual income of ten thousand ($10,000) dollars per annum in gold or its equivalent; sufficient of my estate to be set aside and invested in good securities the income of which will net ten thousand dollars gold per annum." The second clause of the will gives to trustees the sum of $200,000 in gold to be held by the trustees for the sole and separate use of his daughter Harriet Sophie Newcomb, with a direction to pay the income to her during her life, and with a provision that if his daughter should die without issue this "devise or trust" was to revert to his wife absolutely, but that if she should die leaving issue the trust was to continue for the benefit of such issue; and by the third clause of the will the tes-

tator provided that "after providing for all the previously named bequests I give and devise to my dear wife, Josephine Louisa Newcomb, all the residue of my estate absolutely. In the event of the death of my wife, Josephine Louisa Newcomb, before my daughter Harriet Sophie deceased, then the amount set aside in article No. 1 to provide for my wife's annual income and all the residue of my estate shall revert absolutely to my daughter Harriet Sophie Newcomb upon her arriving at the age of twenty-one years;" and Adolph Rodewald and George D. Morgan are appointed executors. On the 15th day of June, 1867, in an action commenced by George D. Morgan, as executor of Warren Newcomb, against Harriet Sophie Newcomb, the daughter of the testator, and the others interested in the estate, a judgment was entered in the supreme court construing this will. At the time that judgment was entered both the widow and daughter of the testator were alive, and the question as to the ultimate disposition of the fund was not presented. Subsequently, and in the year 1869, when the accounts of the executors were before the surrogate for settlement, Josephine Louisa Newcomb, the widow of the testator, presented a petition asking that, upon the final accounting and settlement of the estate by the executors, they be required to pay to her all of the estate in their hands, after payment of the costs and expenses of administration and the $200,000 required to be paid to the trustee under the second clause of the will. In that proceeding a decree of the surrogate was entered settling the executors' accounts, adjudging that the said Josephine Louisa Newcomb was not entitled to receive the fund held to realize the income of $10,000 per year under the first clause of the will, directing that the executors retain that fund, and directing the manner of its investment. Subsequently to the entry of this decree, on December 16, 1870, Harriet Sophie Newcomb died unmarried and without issue; whereupon the executor presented to the surrogate his final account, and in that proceeding, on the 20th of February, 1871, a decree was entered directing the executor to pay over to Josephine Louisa Newcomb, as the person entitled to the residuary estate of the testator under his will, all of the property in his hands, except the amount retained to produce the income of $10,000 per year provided for under the first clause of the will.

It is claimed by counsel for the appellant that it has been adjudicated in these proceedings that the widow of the testator was not entitled to receive the remainder in the sum set apart to procure for her $10,000 per year under the first clause of the will; but we can find no such adjudication. The judgment and decrees do not purport to determine the ultimate disposition of the fund. It was determined that the widow was not entitled to the possession of the fund during her life, but whether the remainder vested in her or the next of kin of the testator was not presented or determined. The judgment entered in this action determined that the remainder in the fund under article 1 of the will vested in the widow, Josephine Louisa Newcomb, absolutely, by virtue of the general residuary clause in the third clause of the will, and the correctness of this determination is the only question to be determined on this appeal.

The testator at the time this will was made had a wife and one daughter, and his evident intent was to secure to them an income during their lives. By the express terms of the will the wife's share of the property vested in the daughter upon the death of his wife. There is also a clear intent pervading the whole will that, if the daughter should die without issue during the lifetime of his wife, all the testator's property should go to his wife; thus, in the absence of direct descendants, preferring his wife to his brothers and sisters and their descendants. When we come to the third clause of the will, we find the same predominating idea expressed. After making provision for the annuity to his wife, and the setting apart of the sum of $200,000 for the benefit of his daughter, he provides that the residue of his estate should go to his wife absolutely, subject to the provision that, if his wife should die before his daughter, then the amount set aside to secure the annuity to his wife, and all the residue of his estate was to vest absolutely in his daughter. In terms, this provision is broad enough to include the remainder in the fund set apart to provide the income for the widow. It was property of the testator. After the death of the widow, its retention was not necessary to provide for any bequest made by the will, and, as the intent of the testator was that upon the death of the daughter his whole estate should belong to his widow, we think the judgment was correct.

Judgment affirmed, with costs to all parties appearing to be paid out of the estate. All concur.